IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil No. JKB 12 CV 3479 |
| | * |
| $20,900 in U.S. Currency, | * |
| Defendant. | * |

...oooOooo...

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, through undersigned counsel, seeking forfeiture of $20,900 in U.S. Currency, hereinafter also referred to as "defendant property," respectfully presents to the Court the following:

1. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. §§1345 and 1355, 18 U.S.C. § 981 and 21 U.S.C. § 881(a)(6).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1395.

3. On or about June 20, 2012, the defendant currency was seized from Mohamed M. Altairi and Mohamed Abdo Saidi pursuant to a traffic stop on Interstate 95 Southbound, Harford County, in the State and District of Maryland.

4. Once seized, the defendant property was placed in the custody of the Department of Homeland Security, U.S. Customs and Border Protection, in the District of Maryland, where it remains.

5. The defendant property constitutes the proceeds of "specified unlawful activity" and is forfeitable pursuant to 18 U.S.C. § 1956(c)(7), and it was involved in money laundering transactions made in violation of 18 U.S.C. § 1956(a)(2)(A) and is subject to seizure and forfeiture

pursuant to 18 U.S.C. § 981. The defendant property also constitutes proceeds traceable to money furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. section 841, the Controlled Substances Act, and, therefore, should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

6.  Such forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Senior Trooper Christina Darienzo, Maryland State Police.

**WHEREFORE**, the plaintiff prays as follows:

1.  That any persons having an interest in the above-described defendant property be cited to appear herein and answer the Complaint;

2.  That a Warrant *in rem* issue to the Department of Homeland Security, U.S. Customs and Border Protection, commanding them to arrest the defendant property;

3.  That Judgment of Forfeiture be decreed against the defendant property;

4.  That upon Final Decree of Forfeiture, the Department of Homeland Security should dispose of the defendant property and any cost bond according to law; and

5.  That the plaintiff have such other and further relief as the case may require.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

November 27, 2012

*/s/ Richard C. K___*

Richard C. Kay
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $20,900.00 in United States Currency.

I, Christina Darienzo, Senior Trooper (ST) of the Maryland State Police, submit that there are sufficient facts to support a reasonable belief that the $20,900.00 in United States Currency constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841. Thus, the $20,900.00 is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

   a. On June 20, 2012, Trooper First Class (TFC) Seiders, of the Maryland State Police, Pro-Active Criminal Enforcement (PACE) Team stopped a 2012 Dodge Caravan, with Maryland registration 5AR7771 (the "vehicle") for a speeding violation, in Harford County, Maryland. Mohamed M. Altairi ("Altairi") was identified as the driver. Mohamed Abdo Saidi ("Saidi") was identified as the passenger.

   b. The vehicle is a rental car and is registered to National Car Rental.

   c. According to the National rental contract, Diyazan Alsaii (not present) rented the vehicle on 6/18/2012 and was due back on 6/25/2012. Neither Altairi nor Saidi were listed on the rental contract.

   d. Altairi stated that the vehicle belonged to his uncle, but no name was provided.

   e. Upon request, Altairi exited the vehicle.

f.  TFC Seiders confirmed the information on the rental contract and Altairi's driver's license.

g.  TFC Seiders noted that the vehicle had a "lived-in" look.

h.  TFC Seiders observed that Altairi appeared very nervous; his chest was rising and falling rapidly; his breathing was short and quick; his movements were very rigid; and his posture was very stiff.

i.  Altairi could not provide his final destination and stated he was just driving the vehicle for the front passenger (Saidi), who he has only know for a week, possibly a month.

j.  Altairi advised that he only knew the front passenger as "Mohamed".

k.  Altairi stated he did not know the name of the person who rented the vehicle.

l.  TFC Seiders spoke with Saidi, who did not have any identification on him.

m.  Saidi advised that they were driving to the District of Columbia (DC) to pick up his uncle. Saidi stated that he had to make a phone call to find out the final destination once he arrived in DC.

n.  Saidi stated that he and Altairi grew up with each other, but then stated he has only known Altairi for a couple of months.

o.  TFC Seiders asked Altairi if he was okay, because he stood with his head down and had a look of defeat. Altairi's breaths continued to be rapid and his posture was very stiff.

p.  Senior Trooper (S/Tpr.) Connolly, of the Maryland State Police, PACE Team, conducted a K-9 scan on the vehicle and the K-9 alerted positively for the presence of a controlled dangerous substance.

q. A probable cause search of the vehicle was conducted and TFC Seiders immediately observed that the glove compartment was locked.

r. TFC Seiders asked Altairi and Saidi for the key and Saidi stated, "Its not my car. I don't know."

s. TFC Seiders located the key to the glove compartment on the floor between the driver's seat and the center arm rest.

t. TFC Seiders opened the glove compartment and located three (3) bundles of U.S. Currency. There were no other items in the glove compartment.

u. Two (2) of the three (3) bundles were secured with reddish/orange colored rubber bands and contained five (5) individual stacks of U.S. Currency each secured with a generic purple and white paper currency wrapper. Each wrapper had the number "2000" printed on them and cursive initials handwritten on them. The third bundle was secured with an all white paper wrapper with the number "900" hand written on it. It also had the same cursive initials handwritten on it.

v. The currency totaled $20,900.00.

w. Altairi and Saidi both denied ownership of the money and advised that they didn't want a receipt.

x. When asked again about the currency, Saidi stated, "It's not my car."

y. Saidi later changed his story and advised that the currency belonged to his uncle, who sells cars.

z. Altairi admitted to smoking marijuana in the vehicle while driving in New Jersey on their way to DC.

aa. Altairi stated that he becomes nervous when he smokes marijuana and that is why he is so nervous.

bb. Both Altairi and Saidi were released at the scene without criminal charges being preferred.

cc. S/Tpr. Connolly conducted a K-9 scan on the money and the K-9 alerted positively for the presence of a controlled dangerous substance.

dd. A criminal history check was conducted on Altairi. Altairi has one (1) prior misdemeanor arrest for controlled dangerous substance violations.

ee. A criminal history check was conducted on Saidi. Saidi has four (4) prior arrests, but no drug-related violations could be located.

ff. A check for wages and employment was conducted for Saidi through all fifty (50) states. No record of earnings could be located for Saidi.

gg. A social security number could not be located for Altairi, therefore no checks for wages could be conducted.

hh. No identifying information could be located for the renter of the vehicle, Diyazan Alsaii.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $20,900.00 U.S. CURRENCY FROM MOHAMED M. ALTAIRI AND MOHAMED A. SAIDI ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Christina Darienzo
Senior Trooper
Drug Enforcement Administration

## **VERIFICATION**

I, Richard C. Kay, declare under penalty of perjury as provided by 28 U.S.C. §1746, that the foregoing Complaint for Forfeiture <u>in rem</u> is based on reports and information furnished to me by the Department of Homeland Security, U.S. Customs and Border Protection, and the Maryland State Police, and that everything contained therein is true and correct to the best of my knowledge and belief.

*/s/ Richard C. Kay*
_____
Richard C. Kay
Assistant United States Attorney

3

# Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER **JKB 12 CV 3479** |
|---|---|
| DEFENDANT<br>$20,900 in U.S. CURRENCY | TYPE OF PROCESS<br>Verified Complaint in Rem |

**SERVE AT**

Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize
**2012-1303-001127-01/ 12-ICE-001876**

Address (Street or RFD / Apt. # / City, State, and Zip Code)

Send NOTICE OF SERVICE copy to Requester:

Naquita Ervin, Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

| | |
|---|---|
| Number Of Process To Be Served In This Case. | |
| Number Of Parties To Be Served In This Case. | |
| Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of [X] Plaintiff  [ ] Defendant

Telephone No. (410) 209-4800

Date Nov 27, 2012

SIGNATURE OF PERSON ACCEPTING PROCESS:   Date

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. ___ | District to Serve No. ___ | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

NAME & TITLE of Individual Served If not shown above:   [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode.

ADDRESS: (Complete only if different than shown above.)

| Date of Service | Time of Service | [ ] AM  [ ] PM |
|---|---|---|

Signature, Title and Treasury Agency

REMARKS:

TD F 90-22.48 (6/96)

*Make (5) copies after form is signed. SEND ORIGINAL + 4 COPIES to TREASURY AGENCY. Retain Copy #5 for your file.*